kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| USCOC OF NEBRASKA/KANSAS, LLC, <br> RCC ATLANTIC, INC., <br>                      Plaintiffs, <br> vs. <br> THE KANSAS CORPORATION <br> COMMISSION, THOMAS E. WRIGHT, <br> MICHAEL C. MOFFET, and JOSEPH F. <br> HARKINS, <br>                      Defendants. | Case No. 07-2527-JAR |

## MEMORANDUM AND ORDER

The Court now considers defendants the Kansas Corporation Commission ("KCC"), Thomas E. Wright, Michael C. Moffet, and Joseph F. Harkins' Motion to Dismiss (Doc. 7). Defendants asserts that plaintiffs have failed to state a claim for relief, or alternatively, the issues should be referred to the Federal Communications Commission ("FCC") to be resolved. For the reasons set forth below, the Court grants defendants' motion to refer the case to the FCC, and denies the motion to dismiss.

**Background**

Plaintiffs USCOC of Nebraska/Kansas, LLC ("USCOC") and RCC Atlantic, Inc. ("RCC") are wireless telephone companies that provide wireless telephone service to rural areas of the country. Under the Communications Act of 1934 ("Act"), RCC and USCOC are eligible telecommunications carriers ("ETC"), meaning that they qualify under 47 U.S.C. § 214(e) for high-cost support from the Federal Universal Service Fund ("FUSF"). FUSF is provided to ETCs that serve rural areas of the country, and is used to supplement monies associated with the

maintenance and upgrading of such services in rural areas.  Under the Act, ETCs must meet certain guidelines and are assessed by the KCC in that regard.  The KCC is empowered to designate telecommunication carriers as ETCs for certain areas, and are under an obligation to ensure that ETCs continue to meet those standards.

On July 27, 2006, the KCC approved a new form to be used by ETCs in submitting their accrued spending on services in rural areas.  Essentially, the KCC approved a new reimbursement form used by ETCs to get money from the FUSF.  One amendment to the form is a new restriction on the use of FUSF.  According to the restriction, ETCs can no longer use FUSF for areas in which there are Southwestern Bell ("SWB") exchanges; namely, ETCs would receive no high-cost support for expenditures in rural areas where SWB also provides service.  USCOC and RCC challenged the rule, claiming that it frustrates the intent of Congress in creating FUSF, and that the KCC's action is preempted by federal law.  Specifically, USCOC and RCC claim that the KCC is preempted from passing such a rule by 47 U.S.C. §§ 332, 254, 253, and that the KCC's action violates K.S.A. § 66-1,143.  They seek declaratory and injunctive relief declaring the regulation invalid and prohibiting the KCC from enforcing the regulation.  In response, the KCC filed the instant motion to dismiss asserting that plaintiffs have failed to state a claim, or in the alternative, that the case should be stayed pending resolution by the FCC.

**Motion to Strike**

Defendants assert that because plaintiffs failed to timely respond to the motion to dismiss, their response should be stricken in its entirety.  Defendants filed their motion to dismiss on November 26, 2007.  According to D. Kan. R. 6.1(d)(2), plaintiffs had twenty-three days to respond.  Nearing the deadline, plaintiffs and defendants agreed to an extension, and the

Court granted the motion on December 17, 2007, extending the deadline from December 19, 2007, to December 20, 2007.  Plaintiffs, however, did not file their response until December 27, 2007, a week after the agreed deadline.  Defendants now seek to strike plaintiffs' entire response.

Under Federal Rule of Civil Procedure 12(f)(2), a court "may strike from a pleading an insufficient defense or any other redundant, immaterial, impertinent, or scandalous matter [upon a] motion made by a party."  Whether to grant a motion to strike is within the court's discretion and is generally disfavored unless clearly warranted.[1]  The Court should "usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[2]  While the Court does not condone dilatory filing practices, such a motion is not clearly warranted.  And, in light of the Court's disposition of the defendants' motion in their favor and their failure to show any prejudice to the late filing, defendants' motion to strike is denied.

**Primary Jurisdiction Doctrine**

As a threshold matter, the Court will now consider defendants' motion to invoke the doctrine of primary jurisdiction and refer this matter to the FCC.  The purpose of the doctrine of primary jurisdiction is to create a proper balance between the courts and administrative agencies.[3]  The doctrine is invoked where claims that are properly before the court are better suited for the expertise and depth of knowledge of the applicable agency.[4]  "It is 'designed to

---

[1] *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992).

[2] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[3] *Williams Pipe Line Co. v. Empire Gas Corp.*, 76 F.3d 1491, 1496 (10th Cir. 1996).

[4] *Ton Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1238 (10th Cir. 2007).

allow an agency to pass on issues within its particular area of expertise before returning jurisdiction to the federal district court for final resolution of the case.'"[5]

In determining whether to invoke the doctrine, courts in this Circuit "consider whether the issues of fact in the case: (1) are not within the conventional experience of judges; (2) require the exercise of administrative discretion; or (3) require uniformity and consistency in the regulation of the business entrusted to the particular agency."[6]  Each case is decided on its own facts by looking to the purposes of the doctrine and whether those purposes are served.[7]  If a court does find that the doctrine is applicable, the issues are referred to the appropriate agency and the case may either be stayed or dismissed without prejudice pending the agency's resolution.[8]

In this case, there are few issues of fact; the essential claim by plaintiffs is one of interpretation of law, an area prime for this Court.  Plaintiff makes claims that the KCC's actions are preempted by federal law.  In their argument, plaintiffs point to three sections within the Act, which they assert preempt any state law that would work the contrary intent of Congress.  Even so, this case should be referred to the FCC for resolution prior to this Court ruling because of the broad policy implications associated with this issue.[9]  Moreover, allowing the FCC to rule on the issue would promote uniformity in the interpretation of the law and would likely end the debate,

---

[5]*Id.* (quoting *Williams Pipe Line Co.*, 76 F.3d at 1496).

[6]*Id.* at 1239.

[7]*Id.*

[8]*Id.*

[9]*See Am. Auto. Mfrs. Ass'n v. Mass. Dept. of Envtl.. Prot.*, 163 F.3d 74, 81 (1st Cir. 1998) (explaining that when the matter is primarily one of statutory interpretation, referral to agency may be generally advisable).

if any on this issue. And, finally, both parties agree that the issue presented is one better suited for determination by the FCC.[10] As such, this case shall be referred to the FCC for determination of the claims. Because the Court grants referral and stay of proceedings, there is no need to address defendants' motion to dismiss.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Dismiss is **DENIED**; Defendants' Motion to Stay Case Pending Resolution before the Federal Communications Commission (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 29th day of January 2008.

                S/ Julie A. Robinson
                **Julie A. Robinson**
                **United States District Judge**

---

[10] Plaintiffs request that the KCC suspend its ruling until the FCC resolves the dispute. The Court notes that plaintiffs have not filed a motion for a temporary restraining order ("TRO") under Rule 65(b). Therefore, without meeting the heavy burden for a TRO, this Court cannot prevent the KCC from enforcing the new regulation.